OPINION
The defendant-appellant, Lawrence Elijah Payne ("the appellant"), appeals the judgment of the Hancock County Court of Common Pleas sentencing him to a term of seventeen months in prison. For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. In May of 1999, the appellant was indicted by the Hancock County Grand Jury and charged with one count of failure to comply with the order or signal of a police officer, a violation of R.C. 2921.331(B), and a felony of the fourth degree.
On August 11, 1999, the appellant pleaded guilty to the charge. The trial court accepted the appellant's plea and found him guilty of the offense. The trial court ordered a presentence investigation and set a sentencing date for October 20, 1999. At the sentencing hearing, the trial court sentenced the appellant to a seventeen month term of imprisonment.
The appellant now appeals, asserting the following four assignments of error.
 ASSIGNMENT OF ERROR NO. I The lower court erred as a matter of law when it failed to impose the minimum sentence as required under R.C. 2929.14(B), or to make the required findings.
 ASSIGNMENT OF ERROR NO. II The lower court erred when it pronounced a sentence which was based upon irrelevant criteria thereby violating appellant's right to due process guaranteed by the Fourteenth Amendment of the federal constitution.
 ASSIGNMENT OF ERROR NO. III The lower court erred when it found the appellant was not amenable to community control sanctions.
 ASSIGNMENT OF ERROR NO. IV The lower court erred as a matter of law when it suspended appellants' [sic] operator license for two years and failed to state this in open court.
In his first assignment of error, the appellant maintains that the trial court erred in failing to impose the shortest term of imprisonment authorized for the offense when he had not previously served a term of imprisonment and the trial court failed to make the necessary findings pursuant to R.C. 2929.14(B). For the following reasons, we agree.
We first note that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing if the appellate court finds, by clear and convincing evidence, that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
R.C. 2929.14(B) provides in part, as follows:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio addressed a trial court's obligations when imposing a sentence greater than the minimum sentence pursuant to R.C.2929.14(B). The Court in Edmonson stated, in pertinent part, as follows:
 [U]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
 Id. at 326. Furthermore, this Court has repeatedly held that it is the trial court's findings under R.C. 2929.14 which, in effect, determine a particular sentence and that a sentence unsupported by such findings is both incomplete and invalid. See, e.g., State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing. Id.
Moreover, a mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice. State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported.
In the case before us, the appellant pleaded guilty to one count of failing to comply with the order or signal of a police officer, a violation of R.C. 2921.331(B), and a felony of the fourth degree. The pre-sentence investigation report reveals that the appellant has never served a term of imprisonment. The trial court sentenced the appellant to a seventeen month term of imprisonment, which is greater than the minimum sentence for the commission of a fourth degree felony.[1] Therefore, the trial court was obligated to make a finding on the record that the imposition of the shortest prison term would demean the seriousness of the appellant's conduct or would not adequately protect the public.
A review of the relevant portions of the transcript of the sentencing hearing in this case reveals that the trial judge merely stated that "the purposes and principles of sentencing * * * are to protect the public from you" and further that "the first order of business is to protect the public from you." The trial court did not make a specific finding that the imposition of the shortest prison term would demean the seriousness of the appellant's conduct or would not adequately protect the public. Clearly, the trial court did not make the specific findings of fact required under R.C. 2929.14(B) to warrant the imposition of a seventeen month term of imprisonment.
Accordingly, the appellant's first assignment of error is well-taken and is sustained. Given our disposition of the appellant's first assignment of error, we need not address the appellant's remaining assigned errors. Therefore, the appellant's sentence is vacated and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and Cause remanded.
 WALTERS and BRYANT, JJ., concur.
[1] A trial court may impose a term of imprisonment of six to eighteen months for a felony of the fourth degree. See R.C.2929.14(A)(4).